# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FRED NEKOUEE,<br><br>**Plaintiff,**<br><br>v.<br><br>INDIAN CREEK SHOPPING CENTER, L.L.C., and DENNY'S INC.,<br><br>**Defendants.** | Case No. 2:18-CV-02238-JAR-JPO |

## MEMORANDUM & ORDER

Plaintiff Fred Nekouee brings this action against Defendants Indian Creek Shopping Center, L.L.C. ("Indian Creek") and Denny's, Inc., seeking declaratory and injunctive relief for Defendants' alleged violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq*. Before the Court is Indian Creek's Motion to Dismiss (Doc. 31). For the reasons set forth in detail below, Indian Creek's motion is denied.

### I.     Factual and Procedural Background

Plaintiff, a resident of Tampa, Florida, has progressive multiple sclerosis and requires the use of a wheelchair for mobility. Plaintiff filed this action on May 10, 2018, alleging that Defendants own, lease, or operate places of public accommodation as defined by the ADA, specifically a Denny's Restaurant and the India Emporium Grocery located at the Indian Creek Shopping Center in Overland Park, Kansas. Plaintiff alleges that he travels to the Kansas City metropolitan area every three to six months to accompany his brother to heavy-equipment auctions or dealerships or to visit family who live in the Kansas City area, and that he has "visited, bought goods, and sought to avail himself of the services at the Indian Creek Shopping

Center."[1] Plaintiff asserts that the Denny's Restaurant and the India Emporium Grocery premises contain barriers to access, and that Defendants have therefore discriminated against him and others similarly situated in violation of the ADA by denying "access to full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations" of these places of public accommodation.[2]

On June 19, 2019, Indian Creek filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1),[3] which was denied without prejudice for failure to comply with D. Kan. Rule 7.4(a). On July 19, 2018, Indian Creek filed a second motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).[4] Plaintiff then filed both a response in opposition to Indian Creek's motion to dismiss and a motion seeking leave to file a second amended complaint.[5] On December 12, the Court granted Plaintiff's motion to file a Second Amended Complaint and denied Indian Creek's motion as moot.[6] Indian Creek subsequently filed a third motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), arguing that Plaintiff lacks standing to bring his claims and that this Court therefore lacks subject matter jurisdiction.[7]

## II. Legal Standard

Plaintiff's standing is properly challenged by a Rule 12(b)(1) motion because a party's standing implicates subject matter jurisdiction.[8] Generally, a Rule 12(b)(1) motion to dismiss for

---

[1] Doc. 26 ¶ 15.

[2] *Id.* ¶ 40.

[3] Doc. 11.

[4] Doc. 15.

[5] Docs. 19, 22.

[6] Doc. 23.

[7] Plaintiff responded (Doc. 33), but Indian Creek filed no reply in support of its motion to dismiss, as permitted by D. Kan. Rule 6.1(d)(2).

[8] *See Unicredit Bank AG v. Jue-Thompson*, No. 12-2468-EFM, 2013 WL 6185750, at *3 (D. Kan. Nov. 26, 2013).

lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[9]

> "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[10]

"The Court's reliance on evidence outside the pleadings to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule 12(b)(1) into a motion for summary judgment pursuant to Rule 56."[11]

Indian Creek's motion is brought as a factual attack. Indian Creek points the Court to eighteen other cases filed by Plaintiff in this district,[12] arguing that Plaintiff's allegations are not

---

[9] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)) (citations omitted).

[10] *Id.* at 1003 (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325); *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

[11] *Castro v. Kondaur Capital Corp.*, 541 F. App'x 833, 836 (10th Cir. 2013) (quoting *Holt*, 46 F.3d at 1003).

[12] *Nekouee v. Avishaka Management LLC*, No. 2:18-cv-02179-JAR-JPO (D. Kan. filed Apr. 14, 2018); *Nekouee v. ESA P Portfolio LLC*, 2:18-cv-02194-JAR-JPO (D. Kan. filed Apr. 23, 2018); *Nekouee v. THF Metcalf Development, LLC*, 2:18-cv-02164-JAR-JPO (D. Kan. filed Apr. 11, 2018); *Nekouee* v. *Camelot Court, LLC*, 2:18-cv-02170-JAR-JPO (D. Kan. filed Apr. 11, 2018); *Nekouee v. ESH/HV Properties, L.L.C.*, 2:18-cv-02199-JAR-JPO (D. Kan. filed Apr. 25, 2018); *Nekouee v. Hawthorne Plaza, LLC*, 2:18-cv-02220-JAR-JPO (D. Kan. filed May 3, 2018); *Nekouee v. New Metcalf LLC*, 2:18-cv-02224-JAR-JPO (D. Kan. filed May 6, 2018); *Nekouee v. Shannon Valley Ventures, LLC*, 2:18-cv-02232-JAR-JPO (D. Kan. filed May 9, 2018); *Nekouee v. La Paloma Plaza, LLC*, 2:18-cv-02248-JAR-JPO (D. Kan. filed May 13, 2018); *Nekouee v. Regency Park MB LLC*, 2:18-cv-02251-JAR-JPO (D. Kan. filed May 15, 2018); *Nekouee v. Akshay Hotels, LLC*, 2:18-cv-02293-JAR-JPO (D. Kan. filed June 2, 2018); *Nekouee v. MDC Coastal 1, LLC*, 2:18-cv-02309-JAR-JPO (D. Kan. filed June 11, 2018); *Nekouee v. Leawood TCCP, LLC*, 2:18-cv-02316-JAR-JPO (D. Kan. filed June 13, 2018); *Nekouee v. Net Lease Funding 2005, LP*, 2:18-cv-02589-JAR-JPO (D. Kan. filed Nov. 5, 2018); *Nekouee v. HRA Fountains, LP*, 2:18-cv-02612-JAR-TJJ (D. Kan. filed Nov. 15, 2018); *Nekouee v. HRA Fountas, LP*, 2:18-cv-02628-JAR-JPO (D. Kan. filed Nov. 20, 2018); *Nekouee v. Deer Creek Lots 1, 3, and 6 07 A, LLC*, 2:18-cv-02652-JAR-JPO (D. Kan. filed Dec. 2, 2018).

believable because "there simply is not enough time in the day for Plaintiff's allegations and statement of his intention to return to be true."[13] The Court takes judicial notice of Plaintiff's other cases.[14] "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."[15] In response to Indian Creek's motion, Plaintiff provides the Court an affidavit of Fred Nekouee regarding his experiences at Indian Creek Shopping Center;[16] an affidavit of David Nekouee regarding his inspections of Indian Creek Shopping Center;[17] and photographic evidence of the violations listed in the Second Amended Complaint.[18] Accordingly, the Court does not presume the truthfulness of the Complaint's factual allegations, but rather looks to Plaintiff's other cases in this district and Plaintiff's affidavits in determining whether there is subject matter jurisdiction.

To establish Article III standing, a plaintiff must show: (1) injury in fact, (2) causation, and (3) redressability.[19] To demonstrate an injury in fact, a plaintiff must demonstrate the "invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical."[20] Furthermore, "there must be a causal connection

---

[13] Doc. 32 at 8.

[14] *See* Fed. R. Evid. 201; *Driskell v. Thompson*, 971 F. Supp. 2d 1050, 1057 n. 8 (D. Colo. 2013) ("[T]he Court may consider outside documents subject to judicial notice, including court documents and matters of public record." (citing *Tal v. Hogan,* 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006))).

[15] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)).

[16] Doc. 33-1.

[17] Doc. 33-2.

[18] Doc. 33-3.

[19] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

[20] *Id*. at 561.

between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'"[21] Last, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."[22] "[T]he injury must affect the plaintiff in a personal and individual way."[23]

"The 'injury in fact' requirement is satisfied differently depending on whether the plaintiff seeks prospective or retrospective relief. To seek prospective relief, the plaintiff must be suffering a continuing injury or be under a real and immediate threat of being injured in the future."[24] "Some day" intentions to return to a place are not sufficient; rather, the individual must have some "specification of *when* the some day will be."[25]

**III. Discussion**

As an initial matter, the fact that Plaintiff is a tester—an individual who tests the ADA compliance of entities subject to ADA requirements—does not deprive him of standing. "[A]nyone who has suffered an invasion of the legal interest protected by Title III may have standing, regardless of his or her motivation in encountering that invasion."[26]

Indian Creek asserts that based on the eighteen lawsuits filed by Plaintiff in the District of Kansas, Plaintiff "visited, bought goods, and sought to avail himself" of the goods and services at eleven shopping centers, nine restaurants, two coffee shops, five grocery stores, and

---

[21] *Id.* (alteration in original) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976)).

[22] *Id.*

[23] *Id.*

[24] *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 101–02, 105 (1983)).

[25] *Lujan*, 504 U.S. at 564 (emphasis in original).

[26] *Colo. Cross-Disability Coalition v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1210 (10th Cir. 2014).

5

nine other stores between March 28 and 30, 2018.[27] Plaintiff allegedly revisited these places between July 11 and July 14, 2018, along with nine new locations, "all while visiting family and assisting his brother at auction."[28] Indian Creek asserts that "there simply is not enough time in the day for Plaintiff's allegations and statement of his intention to return to be true."[29]

Plaintiff's affidavit states that he personally visited the Indian Creek Shopping Center on March 30, 2018, July 12, 2018, and September 27, 2018 and encountered the violations detailed in his Second Amended Complaint.[30] He attaches "true and correct copies" of receipts that show purchases from Denny's on March 30, July 12, and September 27, 2018, and India Emporium Grocery on March 30 and July 12, 2018.[31] Further, he provides copies of his Bidder's Registration Agreements from the Ritchie Bros Auction in Kansas City on March 28 and July 11, 2018.[32] His affidavit states that "the Indian Creek Shopping Center is close to the heavy equipment auction, heavy equipment dealerships, and to the home of my uncle and cousin, and I visit the heavy equipment auction, heavy equipment dealerships, or the home of my uncle and cousin every three to six months."[33] Indian Creek does not refute the veracity of the evidence presented by Plaintiff regarding his specific visits to Denny's and the India Emporium Grocery. The Court finds that Plaintiff's unrefuted sworn statement that he visited Denny's and India Emporium Grocery on March 30, July 12, and September 27, along with copies of receipts from

---

[27] Doc. 32 at 6–7.
[28] *Id*. at 8.
[29] *Id*.
[30] Doc. 33-1 ¶ 6.
[31] *Id*. at 5–9.
[32] *Id*. at 17–18.
[33] *Id*. ¶ 13.

these establishments, is sufficient to establish that Plaintiff visited the Indian Creek Shopping Center and personally encountered the alleged violations.

Next, because Plaintiff seeks prospective relief in the form of an injunction, he must demonstrate a real and immediate threat of being injured in the future.[34] Plaintiff states that he has "definite plans to return to the area in the first week of February 2019 [to] visit the Indian Creek Shopping Center and to eat at Denny's and to buy grocery items at the India Emporium grocery . . . even though I will require a lot of assistance to do so"[35] and plans to return "every three to six months."[36] In nearly identical lawsuits filed by Plaintiff against other retail establishments, both the Middle District of Alabama and the Eastern District of Missouri found that "the facts of past visits, proximity through travel in the near future, and a definite statement of intent to visit [the establishment] when he makes a planned upcoming trip" support a finding of plausible intent to return.[37] This Court reaches the same conclusion.

As discussed above, Plaintiff presented evidence that he visited Indian Creek Shopping Center in March, July, and September 2018. His affidavit states that he plans to return "every three to six months" to visit family or attend heavy equipment auctions, and he testifies that he will visit Indian Creek Shopping Center again during these visits.[38] Accordingly, Plaintiff has pleaded a plausible future injury. The Court finds that Plaintiff has standing to bring his claims against Indian Creek, and therefore, the Court has subject matter jurisdiction.

---

[34] *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004) (citing *City of Los Angeles v. Lyons,* 461 U.S. 95, 101–02, 105 (1983)).

[35] Doc. 33-1 ¶ 7.

[36] *Id*. ¶ 13.

[37] See *Nekouee v. H.V. Real Estate Corp.*, No. 4:17 CV 1468 (JMB), 2017 WL 5010380, at *3 (E.D. Mo. Nov. 2, 2017); *Nekouee v. JRN, Inc.*, No. 2:16CV874-WHA, 2017 WL 875481, at *4 (M.D. Ala. Mar. 3, 2017).

[38] Doc. 33-1 ¶ 13.

**IT IS THEREFORE ORDERED BY THE COURT** that Indian Creek's motion to dismiss (Doc. 31) is **denied**.

**IT IS SO ORDERED.**

Dated: March 20, 2019

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                CHIEF UNITED STATES DISTRICT JUDGE